O'NIELL, C. J., being absent during the argument, takes no part.

151 So. 192

## STATE v. SCRIBER.

### No. 32473.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

Frank A. Blanchard and E. H. Crain, both of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport (James O'Niell, Sp. Asst. Atty. Gen., of counsel), for the state.

O'NIELL, Chief Justice.

The appellant was convicted of the crime of robbery and sentenced to imprisonment in the penitentiary for a term not less than three years nor more than five years. The record contains three bills of exception, the first one of which, however, has been abandoned. The second and the third bills have reference to objections to the introduction in evidence of a confession made by the defendant on the day of his arrest and while he was confined in the parish jail. The objections were, first, that the confession was not a free or voluntary confession because it was made while the defendant was under arrest and confined in a cell in the prison, and, second, that the defendant was insane, at least to the extent of being incapable of understanding what he was doing, or the consequence thereof, at the time of making the confession.

■ The testimony taken for the purpose of determining whether the confession was admissible in evidence shows that the confession was made freely and voluntarily. It is true that the defendant was under arrest and in the parish prison when he made the confession; but he made it voluntarily, in the presence of a friend. who had called to see him, and without any coercion, persuasion, inducement, or suggestion from any one.

■ The complaint that the defendant was insane when he made the confession is founded upon the fact. that, on his petition, a lunacy commission was appointed by the judge, about a week after the confession was made, to determine whether the defendant was then sane or insane, and whether he was sane or insane at the time of the alleged crime, and that the lunacy commission, after having the defendant under observation and investigation for a month, reported that he was suffering with a toxic condition caused by infected teeth and tonsils, rendering him mentally incapable of assisting in his defense or of understanding the proceedings that were going on. The lunacy commission reported that the defendant was, apparently, sane at the time of the commission of the alleged crime, but recommended that he should be committed to a state institution for further observation and treatment. The judge ordered the defendant committed to the East Louisiana State Hospital, at Jackson, where he remained in the criminal ward for three and a half months. He was then pronounced sane, in the unanimous opinion of the hospital staff, and was discharged and returned to Shreveport for trial. There is no evidence to support the contention that the defendant was insane at the time of his confession, except such inference as might be drawn from the report of the lunacy commission, founded upon observations made during a period commencing more than a week after the confession was made. The district judge found that the defendant was of sound mind when he made the confession; and we have no reason to believe that the judge erred in so finding.

The verdict and sentence are affirmed.